WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SCF RC Funding I, LLC, | No. CV-21-00658-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| GKRM, Incorporated, et al., | |
| Defendants. | |

Plaintiff moves for default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b).  (Doc. 17.)  No response has been filed and the time for filing one has passed.  For reasons stated below, default judgment is appropriate.

**I. Background**

On June 9, 2020, Plaintiff filed suit against Defendants in this Court. (Doc. 9 at 3.) On November 20, 2020, the parties executed a settlement agreement (the "Agreement") in which, in exchange for Plaintiff's dismissal of the lawsuit, Defendants agreed to initially pay Plaintiff $25,000 and thereafter make monthly payments of $2,083.33 until Plaintiff received $100,000 from Defendants.  (Doc. 9-1.)  Defendants agreed to a stipulated judgment of $405,455.43 plus interest, less any payments made by Defendants to Plaintiff under the Agreement, if Defendants failed to make timely settlement payments.  (*Id.* at 2.) The Agreement also provided that, should Plaintiff prevail in an action to enforce the terms of the Agreement, it would also be entitled to all reasonable attorneys' fees and costs

incurred in litigation. (*Id.* at 4.) Although Defendants made the initial $25,000 payment and two $2,083.33 monthly payments, beginning in February 2021, Defendants ceased making their payments. (Doc. 17 at 4.) Plaintiff notified Defendants of their lack of compliance and, after Defendants failed to cure, filed their original complaint on April 22, 2021. (Doc. 6.) No counsel has entered an appearance or filed a responsive pleading on Defendants' behalf. On June 15, 2021, Plaintiff filed its application for entry of default and the Clerk of Court entered default against Defendants the following day. (Docs. 15, 16.) On July 9, 2021, Plaintiff filed the instant motion for default judgment, which requests judgment in the amount of $376, 288.77 (the $405,455.43 sum less those payments already made by Defendants to Plaintiff under the Agreement), attorneys' fees in the amount of $7,159.20, costs in the amount of $1,016.96, and post-judgment interest at the maximum rate allowed pursuant to 28 U.S.C. § 1961. (Doc. 17 at 1.)

**II. Default Judgment Standard**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

### III. Discussion

The first *Eitel* factor weighs in favor of default judgment. Defendants failed to respond to the complaint or otherwise appear in this action, despite entering into the Agreement with Plaintiff, making initial payments, and being served with the complaint, the application for default, and the motion for default judgment. If default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The prejudice to Plaintiff in this regard supports the entry of default judgment. The second, third, and fifth *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief under the pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A review of the complaint's well-pled allegations shows that Plaintiff has stated plausible claims against Defendants for breach of the Agreement or, alternatively, breach of the covenant of good faith and fair dealing.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. Here, Plaintiff seeks damages, including attorneys' fees and costs, in the amount of $384,464.93. (Doc. 16 at 6.) This figure is the amount the parties expressly agreed Plaintiff would be entitled to in the event of a breach of the Agreement, plus Plaintiff's requested attorneys' fees and costs.[1]

Turning to the sixth factor, Defendants were properly served with process in this matter. They were also served with the present motion for default judgment. It therefore "is unlikely that [Defendants'] failure to answer and the resulting default was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). Thus, the sixth *Eitel* factor, like the other five discussed above, weighs in favor of default judgment.

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere

---

[1] The Court will reduce Plaintiff's attorneys' fee award and deny Plaintiff's request for costs for the reasons described below.

existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, Defendants' failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Stated differently, it is difficult to reach the merits when the opposing party is absent. Because Plaintiff has asserted plausible claims for relief to which Defendants have failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

**IV. Damages**

The Agreement provides that Plaintiff, should it prevail in an action to enforce the Agreement, is entitled $405,455.43 plus interest, less any payments made by Defendants to Plaintiff under the Agreement, plus post-judgment interest and reasonable attorneys' fees and costs. Looking first to the lump sum, Plaintiff is entitled to an award of $376,288.77 pursuant to the Agreement, because it constitutes the stipulated $405,455.43 sum, less those payments made by Defendants to Plaintiff. (Doc. 9-1 at 2.)

The Court now turns to Plaintiff's request for $7,159.20 in attorneys' fees. Notably, "[a]ttorneys' fees should not be given for the performance of administrative tasks which could and should be performed by secretarial or paralegal staff." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 487 (D. Ariz. 2019) (quoting *Thalheimer v. City of San Diego*, No. 09-CV02862-IEG BGS, 2012 WL 1463635, at *5 (S.D. Cal. Apr. 26, 2012)); *see also Neil v. Comm'r of Soc. Sec.*, 495 F. App'x. 845, 847 (9th Cir. 2012) (holding that "the district court did not abuse its discretion in declining to award [] attorney's fees for purely clerical tasks such as filing documents and preparing and serving summons"). Here, numerous entries, adding up to $2,516.80, are devoted to purely administrative or clerical tasks, such as calling the clerk's office to review filing protocol, preparing and serving summons documents, and e-filing. (Doc. 17-3 at 5.) Nevertheless, Plaintiff's fees are otherwise reasonable. The Court will reduce Plaintiff's fee award by the $2,516.80 in billing devoted to clerical work and will award Plaintiff $4,642.40 in fees.

However, the Court will deny Plaintiff's request for an award of costs. Local Rule

of Civil Procedure 54.1(a) requires a prevailing party seeking a cost award to provide an itemization such "that the nature of each can be readily understood, and, where available, documentation of the requested costs in all categories must be attached." Here, Plaintiff tacked on to its attorney billing records a simple notation that it had incurred $1,016.96 in costs. It includes no itemization, receipts, or explanation as to the origin or breakdown of such costs. Without this documentation, the Court cannot determine whether the costs were reasonably expended and, in its discretion, denies an award of costs to Plaintiff. *See Ass'n of Mexican-Am Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000); *Hodges v. Corizon Health, Inc.*, No. 6:15-cv-521-AC, 2020 WL 3717076 (D. Ore. Mar. 27, 2020).

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 17) is **GRANTED**. Default judgment shall be entered in favor of Plaintiff and against Defendants in the amount of **$380,931.17** plus post-judgment interest at a rate of 0.07%. The Clerk of the Court shall enter judgment in accordance with this order and terminate this case.

Dated this 30th day of July, 2021.

Douglas L. Rayes
United States District Judge